UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVETIA LYNN RICHARDSON, *et al.*, | No. C-08-3470 JSW (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE PARTIES' JOINT LETTER OF APRIL 6, 2009** |
| CITY OF ANTIOCH, *et al.*, | **(Docket No. 24)** |
| Defendants. | |

_____/

The parties have submitted a joint letter, dated April 6, 2009, regarding a discovery dispute. Having reviewed the joint letter and accompanying submissions, the Court hereby orders the parties to further meet and confer, bearing in mind the guidance provided below.

**I.  DISCUSSION**

A.  Requests Nos. 7-20 and 36

Defendants have represented that they have produced all responsive documents. Given this representation, there is little more that the Court can do at this point other than require Defendants to provide a declaration, signed under penalty of perjury, certifying that *all* responsive documents have been produced. If Plaintiffs have a reasonable belief that Defendants' representation or declaration is not true, then they should identify the nature of responsive documents which have not been produced.

B.  Requests Nos. 21-30 and 35

To the extent Defendants argue overbreadth, the Court is not inclined to agree with the possible exception of Request No. 35, which could be narrowed, *e.g.*, in terms of time and in terms

of relevant employees. As for Defendants' contention that the law enforcement officers have a privacy interest in the documents, Defendants have not addressed why that concern may not be resolved through use of protective order wherein the documents are designated attorney's eyes only. Finally, with respect to Defendants' invocation of a law enforcement privilege, they have provided any concrete argument as to why such a privilege would be applicable in the instant case. The Court is hard pressed to see the applicability of the privilege given the factors enumerated in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) (also noting that there is moderate pre-weighting in favor of disclosure). This is particularly true in light of Plaintiffs' *Monell* claim.

C.  Requests Nos. 32-34

The requests should be more narrowly tailored in terms of time. Once it is so narrowed, then the Court sees no substantial burden to Defendants, particularly if the parties could agree that Defendants need only provide a copy of the complaints. The Court does not agree with Defendants' position that Plaintiffs are equally able to find the relevant lawsuits and thus should not respond.

D.  Requests Nos. 40-41

Defendants do not dispute Plaintiffs' claim that the incident at Club Q involved at least some of the same officers as in the instant case; accordingly, the document requests are relevant. On the other hand, the Court does not see why, at this juncture, Plaintiffs need the breadth of the documents sought. In short, the requests could be narrowed to seek the critical documents related to the Club Q incident – *e.g.*, the police report, any subsequent investigation, etc., as they pertain directly to the officers involved in the instant case.

E.  Plaintiff's Personnel File

The Court does not look favorably upon a "tit-for-tat" approach to discovery. A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery. *See, e.g.*, *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) (disapproving of plaintiff's counsel's unilateral decision "decided to hold the plaintiff's discovery responses hostage until he obtained discovery responses [from defendant] which met his satisfaction"); *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co.*, 1993 U.S. Dist. LEXIS 1163, at *8 (S.D.N.Y. Feb. 4, 1993) (rejecting defendant's "suggestion that it not be required to

submit to a 30(b)(6) deposition until [plaintiff] provides further discovery"; stating that "adopting a tit-for-tat schedule would only slow the process" and that, "[i]f [plaintiff] is in fact not responding appropriately to [defendant's] discovery demands, those issues can be addressed on their own merits"). Plaintiffs should cooperate with this discovery request.

## II. CONCLUSION

For the foregoing reasons, the Court orders the parties to meet and confer further taking into account the above comments of the Court. The Court reminds the parties that, as a general matter, meet-and-confer discussions must be conducted in person. Written exchanges are not sufficient. The meet and confer ordered herein shall be conducted within a week of the date of this order. If the parties are unable to resolve their differences, then they should file a joint letter (no longer than four single-spaced pages) within two weeks of the date of this order specifying the issues still in dispute and the parties' last respective offer in reaching a compromise. Any party which does not take a position which is substantially justified will be subject to sanctions.

This order disposes of Docket No. 24.

IT IS SO ORDERED.

Dated: April 13, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge